IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **AMGUARD INSURANCE COMPANY**<br>39 Public Square<br>Wilkes-Barre, PA 18703<br><br>**Plaintiff,**<br>v.<br><br>**SAMSUNG ELECTRONICS CO., LTD.**<br>129, Samsung-ro, Yeongtong-gu,<br>Suwon-si, Gyeonggi-do, Republic of Korea**,**<br><br>**and**<br><br>**SAMSUNG ELECTRONICS AMERICA, INC.**<br>85 Challenger Road,<br>Ridgefield Park, NJ 07660<br><br>**Defendants** | **Civil Action No.:**<br><br><br><br>**JURY TRIAL DEMANDED** |

## **PLAINTIFF'S COMPLAINT**

Plaintiff, AmGuard Insurance Company, by and through their counsel, hereby demands judgment against the above-named defendants, and states by way of Complaint against them, as follows:

### **PARTIES**

1. Plaintiff, AmGuard Insurance Company (hereinafter "Plaintiff or "AmGuard"), at all times relevant hereto, is and was a Pennsylvania corporation with its principal place of business located at 39 Public Square, Wilkes-Barre, PA 18703.

2. At all times relevant hereto, Plaintiff was duly authorized to engage in the business of insurance in the State of New York.

3. At all times relevant hereto, Plaintiff provided certain insurance coverage to Maria

Stanescu (hereinafter the "subrogor") in connection with the property located at 7245 Myrtle Avenue, Glendale, NY 11385 (hereinafter the "Subject Property"), under a policy of insurance that was in full force and effect on all relevant dates, and at all relevant times. Pursuant thereto, Plaintiff made payments to subrogor on the insurance claim resulting from the incident described below; as a result, Plaintiff became subrogated to the claims asserted herein.

4.  Defendant, Samsung Electronics Co., LTD (hereinafter "SEC") is a business entity organized under the law of South Korea, with its principal place of business located at 129, Samsung-ro, Yeongtong-gu, Suwong-si, Gyeonggi-do, Republic of Korea.

5.  At all relevant times hereto, Defendant, SEC was in the business of, *inter alia*, manufacturing, selling, designing, distributing, and marketing home appliances, including the electric range (hereinafter "subject range" and/or "product") at issue in this matter.

6.  Defendant, Samsung Electronics America, Inc. (hereinafter "SEA"), is a corporation existing under the laws of the State of New Jersey with its principal place of business located at 85 Challenger Road, Ridgefield Park, NJ 07660.

7.  At all times relevant hereto, SEA was in the business of designing, manufacturing, assembling, selling, distributing and/or marketing electric ranges, including the electric range at issue in this action.

## JURISDICTION AND VENUE

8.  Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between entities and/or citizens of different states. Moreover, the amount in controversy exceeds the jurisdictional threshold of this Court (exclusive of interest and costs).

9.  Venue is proper in this district based on 28 U.S.C. §1391(a) in that the events giving rise to this claim occurred within this district.

**STATEMENT OF FACTS**

10. At all times relevant hereto, the subject range was in the subject property and was used in a reasonably foreseeable manner and for its intended purposes.

11. On January 11, 2025, the subject range inadvertently activated and heat from the burner ignited combustibles at or near the range causing fire and smoke to damage the subject property and the personal property inside it, as well as the imposition of additional expenses.

12. A subsequent investigation conducted after the loss determined the aforesaid fire was caused directly and proximately by a defect which caused the burner control knobs to operate unintentionally and ignite a fire.

13. The aforementioned defect allowed the control knobs to be unintentionally turned to the "on" position. The danger posed by the product was foreseeable to the Defendant. Such an incident would have been prevented by employing better safety mechanisms which prevent the unintentional operation of the subject stove. *See* Exhibit 1, "Samsung Range knobs may be activated by inadvertent push and turn."

14. US fire departments responded to an estimated average of 172,900 home structure fires per year started by cooking activities in 2014-2018. A significant percentage of those fire were caused by the unintentional use of products such as the subject stove.

15. As a direct and proximate result of the aforementioned defects, Plaintiff sustained the damages described herein in an amount in excess of $755,555.69.

**COUNT I – NEGLIGENCE**

16. Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

17. The aforementioned damages were the direct and proximate result of the negligence and carelessness of Defendants, by and through its employees, agents, technicians, vendors, subcontractors, and/or servants, more specifically described as follows:

   a. failing to exercise reasonable care in the following manner:

      i. failing to manufacture, assemble, sell, design, transport, distribute and/or market a properly functioning product;

      ii. failing to properly inspect and/or test the product and/or its component parts;

      iii. failing to properly determine that the product and/or its component parts were not in compliance with applicable standards;

      iv. failing to provide safe and adequate warnings or instructions with the product; and/or

      v. manufacturing, marketing, distributing and/or selling the product when Defendant knew or should have known that the product and/or its component parts would be inadequate for the reasons for which it was purchased.

   b. failing to adequately instruct, supervise and/or train servants, employees and agents as to the proper ways to perform the tasks set forth in subparagraph (a);

   c. failing to adequately warn the Plaintiffs and others of the dangers and hazardous conditions resulting from the conduct set forth in subparagraph (a) above;

   d. failing to provide, establish, and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

   e. failing to properly monitor the work of all agents and/or employees during the performance of the tasks set forth in subparagraph (a) above to ensure compliance with applicable safety procedures;

   f. failing to retain competent, qualified and/or able agents, employees or servants to perform the tasks set forth in subparagraph (a) above;

   g. failing to perform the tasks set forth in subparagraph (a) above in conformity with the prevailing industry and governmental specifications and standards; and/or

  h. violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to this action.

18. As a direct and proximate result of such conduct, the Plaintiff sustained and incurred damage to their real property, as well as the imposition of hardship.

**WHEREFORE**, Plaintiff demand judgment in their favor and against Defendants in an amount of $755,555.69, plus interest, costs of suit, delay damages, and such other relief as the Court deems appropriate under the circumstances.

## COUNT II – BREACH OF WARRANTIES

19. Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

20. At the time of the sale and/or distribution of the subject product, Defendants had reason to know the particular purpose to which the subject range would be used (i.e. residential application) and they were being relied upon to furnish a suitable product. Thus, Defendants breached the implied warranty of fitness for a particular purpose as set out in the Uniform Commercial Code in that the subject product was not fit for the particular purpose for which such products are required under normal operation.

21. In addition, Defendants breached the implied warranty of merchantability in that the subject product was not fit for the ordinary uses for which the subject product was used.

22. In addition, Defendants breached any and all express warranties made or relating to the subject product that became part of the basis of the bargain for sale of the product.

23. Plaintiff's damages as set forth above occurred as a direct and proximate result of the breach by Defendants of the express warranties and implied warranties of fitness for a particular purpose and merchantability.

24. Plaintiff has met any and all conditions precedent to recovery for such breaches.

**WHEREFORE**, Plaintiff demand judgment in their favor and against Defendants in an amount of $755,555.69, plus interest, costs of suit, delay damages, and such other relief as the Court deems appropriate under the circumstances.

## COUNT III – STRICT LIABILITY
## PLAINTIFF v. SAMSUNG ELECTRONICS CO., LTD. (SEC)

25. Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

26. Defendants are engaged, and at all times relevant hereto were engaged, in the business of, *inter alia*, designing, assembling, manufacturing, selling, distributing and/or marketing, *inter alia*, appliances, and, specifically did so with the product at issue in this case.

27. Defendants manufactured, marketed, distributed, tested and/or sold the subject range in a defective condition, unreasonably dangerous to consumers.

28. Defendants knew or should have known that the product would, and did, reach the Plaintiff without substantial change in the condition in which originally manufactured, distributed and sold.

29. The aforementioned defects consisted of:

   a. design defects;

   b. manufacturing defects;

   c. component defects;

   d. use-instruction and/or warnings defects; and/or

   e. a failure to warn of the design, manufacturing, and/or component defects, and/or properly provide warning and/or safe use instructions.

30. As a direct and proximate result of such defects, Plaintiff's insured sustained and incurred damage to their real property, as well as the imposition of hardship.

31. For these reasons, Defendants are strictly liable to Plaintiff under Section 402A of the Restatement (2d) of Torts, and/or other applicable case law/statutes of the State of New York.

**WHEREFORE**, Plaintiff demand judgment in their favor and against Defendants in an amount of $755,555.69, plus interest, costs of suit, delay damages, and such other relief as the Court deems appropriate under the circumstances.

                               **de LUCA LEVINE LLC**

BY: _/s/ Andrew G. Hunt_
       **ANDREW G. HUNT**
       NY ID# 5987524
       301 E. Germantown Pike, 3rd Floor,
       East Norriton, PA  19401
       215-383-0081
       215-383-0082 (fax)
       ahunt@delucalevine.com
       **ATTORNEYS FOR PLAINTIFF**

**Dated:**  June 6, 2025